CHARLES H. CHENAULT *v.* ADAMS MACHINE COMPANY.

[53 South. 629.]

SHERIFFS. *Levy of execution. Code* 1906, § 2143. *Indemnifying bond.* . *Real estate.*

A sheriff about to levy or who has levied an execution on machinery affixed to the soil is not authorized to demand an indemnifying bond of the plaintiff where the property is claimed by the defendant as fixtures and exempt to him as a part of his homestead; and a bond given under such circumstances is void, since Code 1906, § 2143, providing for indemnifying bonds, has no application to levies on real estate.

FROM the circuit court of Attala county.
HON. GEORGE A. McLEAN, Judge.

Chenault, appellant, a defendant in execution, demanded a recovery upon a pretended indemnifying bond, given by the Machine Company, appellee, plaintiff in execution, to the sheriff. From a judgment denying a recovery on the bond, Chenault appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Flowers, Fletcher & Whitfield,* for appellant.

Counsel argued the case fully, citing the following authorities: 19 Cyc. 1035; *Duke* v. *Shackleford,* 56 Miss. 552; *Fuller-Warren Co.* v. *Hester,* 84 Am. St. Rep. 867; *McFadden* v. *Allen,* 19 L. R. A. 446; *Long* v. *Cochern,* 128 Ill. 29; *Hewitt* v. *Watertown Steam Engine Co.,* 65 Ill. App. 153; *Hewitt* v. *General Electric Co.,* 164 Ill. 420.

*Luckett & Guyton,* for appellee.

Counsel argued the case fully citing the following authorities: *Duke* v. *Shackleford,* 56 Miss. 552; *Polle* v. *Rouse,* 73 Miss. 713; *Fuller* v. *Hester,* 84 Am. St. Rep. 867; *Moseley* v. *Anderson,* 40 Miss. 49.

Mayes, C. J., delivered the opinion of the court.

The facts shown by the record in this case are substantially as follows: It appears that the W. T. Adams Machine Company had previously instituted a replevin suit against Chenault, which resulted in a judgment in favor of the machine company. As an incident to this suit, and in addition to the judgment for the recovery of certain property, judgment was also rendered against Chenault and the sureties on his replevin bond for costs, amounting to something over eight hundred dollars. Some time later, and in an effort to compel Chenault to pay the costs, the machine company had an execution issued on the judgment, and placed same in the hands of the sheriff. On the 19th day of November, 1909, this execution was levied on a gristmill, gin stand and fixtures, a cotton

press, planer, and a suction outfit, all of the value of about eight hundred and sixty dollars. After the levy Chenault claimed the above property as exempt, because it was affixed to and a part of one hundred and twenty acres of land claimed by him as a homestead; he claiming that the value of the land, plus the value of the articles levied on and attached thereto, would not equal the sum of three thousand dollars. When this claim of exemption was made, the sheriff, in seeming forgetfulness of the fact that he was called upon to levy the execution on realty, and not personalty, and without any authority therefor, demanded of the W. T. Adams Machine Company an indemnifying bond, assuming to act under section 2143, Code 1906. This bond was duly executed by the W. T. Adams Company, whereupon the sheriff proceeded to make the levy, and advertised the property levied upon thereunder for sale on the 13th day of December, 1909. Afterwards, and before sale of the property, the attorneys of the W. T. Adams Machine Company, recognizing the fact that the property was exempt, instructed the sheriff to abandon the levy, which was done on the 15th of January, 1910.

In asserting the claim of exemption, Chenault makes oath that he is a householder and head of a family; that he is entitled to hold as exempt from seizure and sale under execution the land and buildings owned and occupied by him as a residence; that he only has one hundred and twenty acres of land that he so occupies; that the property levied on is attached to the land so occupied by him as a residence, as a part of the buildings and fixtures attached to his homestead; that all of it is less than three thousand dollars in value, and not subject to levy and sale for debts. He also makes oath that none of the property levied on was removed by the sheriff, and asserts that it could not be removed without being torn from the freehold estate and separated as a fixture, etc. After the release of the property as exempt because of a

part of the homestead exemption and real estate, Chenault undertakes to make up the issue provided for under section 2145, and to have his alleged damage assessed on the indemnity bond attempted to be taken by the sheriff under section 2143. There was a motion to dismiss, which was sustained, and from this judgment an appeal is prosecuted here.

We think a statement of this case, in the light of the statute, carries with it necessarily the conclusion that the judgment of the court below was correct. The very reason why the property levied upon was not subject to sale under execution was because it was real estate. No bond of indemnity can be required under section 2143, except in a case where "the sheriff or other officer shall levy or be about to levy an execution or attachment on personal property claimed as exempt," etc. This property was not personal property, and the sheriff had no authority to demand an indemnity bond, and the bond taken by him has no validity as such. It can make no difference how the parties dealt with this property. The statute is the limit of authority to demand the bond, and this authority is not made to depend upon the way in which the parties deal with property, but upon the facts of whether or not it in truth is personal property. Even if this were not true, there is no force in the contention that the parties had dealt with it as personal property, because the very party that now seeks to take advantage of this made affidavit that it was not personal property, and through this affidavit succeeded in securing it to himself as exempt.                    *Affirmed.*